**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-207

(Filed: August 27, 2014)

**FILED**

AUG 27 2014

U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
                                        *
PAUL CHERGI,                            *
                                        *
                    Plaintiff,          *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
                                        *
*****************************************
```

## ORDER

On March 13, 2014, pro se Plaintiff Paul Chergi filed suit in this Court against the United States Government for unjust conviction and imprisonment. On May 7, 2014, counsel for the Government filed a motion to dismiss pursuant to Rules 12(b)(l) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The motion has been fully briefed and is ready for decision.

The Government contends that this Court lacks subject matter jurisdiction over Mr. Chergi's claims because: (1) the complaint fails to identify any source of substantive law creating the right to pursue money damages in this Court; (2) this Court does not have jurisdiction over Mr. Chergi's constitutional claims or claims against state officials; and (3) the Court lacks jurisdiction over claims sounding in tort. For the reasons stated below, the Government's motion to dismiss is GRANTED.

## Background

Mr. Chergi is currently incarcerated in Phillips State Prison, located in Buford, Georgia. His complaint seeks compensation from Georgia state prosecutors and other state actors involved in his prosecution and sentencing. He also claims that the Government is withholding money owed him in the United States Treasury and Federal

Reserve Bank. Moreover, Mr. Chergi alleges that he is the victim of malicious prosecution and other tortious conduct, and he asks the Court to vacate his sentence.

Analysis

In reviewing a motion to dismiss, the Court must accept the allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. Ainslie v. United States, 355 F.3d 1371, 1373 (Fed. Cir. 2004) (citing Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003)). Though pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," failures to comply with the Court's jurisdictional requirements are not excused. Hampel v. United States, 97 Fed. Cl. 235, 237 (2011) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Where subject matter jurisdiction is challenged, the plaintiff must establish the Court's jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

This Court's jurisdiction is established by the Tucker Act. 28 U.S.C. § 1491 (2006). To invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States. Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995). Such a claim can be founded upon "the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (2006).

Here, Mr. Chergi alleges that the Government is withholding funds owed him. However, he has not established that he has a contract with the Government nor has he identified any "money-mandating" source of substantive law that will allow this Court to hear his claim. Furthermore, the Court cannot consider Mr. Chergi's constitutional claims that his Sixth and Eighth Amendment Rights were violated. It is well settled law that the Court of Federal Claims does not have jurisdiction to hear claims arising under the Sixth and Eighth Amendments. Milas v. United States, 42 Fed. Cl. 704, 710 (1999) (explaining that the Sixth Amendment is not money-mandating); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (holding that the Eighth Amendment is not a money-mandating provision). Moreover, this Court lacks jurisdiction over claims based on the due process clauses of the Fifth and Fourteenth Amendments because those clauses do not mandate the payment of money. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

The Court lacks jurisdiction over Mr. Chergi's allegation that he is the victim of malicious prosecution and other tortious conduct. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that the Court does not have jurisdiction over claims

2

against federal officials for civil rights violations).   The Court also cannot hear claims against the state of Georgia because the Court only has jurisdiction over claims against the federal government.   28 U.S.C. § 1491. Finally, the Court lacks the authority to vacate Mr. Chergi's sentence because the Court does not possess jurisdiction to challenge criminal convictions and sentences.   Long v. United States, 113 Fed. Cl. 7, 10 (2013).   If Mr. Chergi has been denied relief by the Georgia Supreme Court, then the United States Supreme Court is the court of last resort.

Conclusion

For the reasons set forth above, the Government's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim is GRANTED.   The Clerk is directed to enter judgment in favor of the Government.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge